IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TANYA SMITH** a/b/o ZC, | : : | CIVIL ACTION |
| Plaintiff, | : : | NO. 07-840 |
| V. | : : | |
| **MICHAEL J. ASTRUE** *COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION,* Defendant. | : : : | |

**O R D E R**

**AND NOW,** this 27th day of September, 2007, upon consideration of the parties' Cross-Motions for Summary Judgment [Document Nos. 10 & 11], Plaintiff's Response in Support of Motion for Summary Judgment [Document No. 12], and after careful review of the Report and Recommendation ("R&R") of United States Magistrate Judge Charles B. Smith [Document No. 14], to which no party objects, it is hereby **ORDERED** that:

1. The R&R is **APPROVED** and **ADOPTED**;

2. Plaintiff's Motion for Summary Judgment is **DENIED**;

3. Defendant's Motion for Summary Judgment is **GRANTED** pursuant to 42 U.S.C. § 405(g); and

4. The final decision of the Commissioner of Social Security is hereby **AFFIRMED**.

The clerk of the Court is hereby **DIRECTED** to **CLOSE** this case.

It is so **ORDERED**.[1]

---

[1] The Court herein adopts Judge Charles B. Smith's articulate and well-reasoned R&R. On judicial review of a final decision from the Commissioner of Social Security, a court must determine whether the Commissioner's ruling is supported by substantial evidence. 42 U.S.C. § 405(g); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992). "Substantial evidence" indicates the type of relevant evidence that a reasonable mind would accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971). If there is substantial evidence in the record to support the Commissioner's findings, the reviewing court is bound by such determination. Morales v. Apfel, 225 F.3d 310, 316 (3d Cir. 2000). As thoroughly detailed in the R&R, the Commissioner's decision is well supported by substantial evidence.

To determine whether a child is eligible for Supplemental Security Income ("SSI"), the reviewing court must follow a three-step sequential evaluation: (1) whether the child is engaging in substantial gainful activity; (2) whether the child has a medically determinable impairment or combination of impairments that is severe; and if so, (3) whether the child's impairment(s) meets, medically equals, or functionally equals in severity any of the listed impairments in 20 C.F.R. pt. 404, subpt. P, app. 1. 20 C.F.R. § 416.924 (2001); Richardson v. Barnhart, 136 Fed. Appx. 463, 465 (3d Cir. 2005). For an impairment to be functionally equal in severity, a child must show "marked" limitations in two domains of functioning or "extreme" limitation in one domain. 20 C.F.R. § 416.926a(a) (2005). Plaintiff challenges the Administrative Law Judge's ("ALJ's") finding that he had no marked limitations in the domains of Caring for Yourself and Attending and Completing Tasks.

In an attempt to establish that he has marked limitations in the Caring for Yourself domain, Plaintiff refers to the initial report of an examining psychiatrist who saw him one time, and cites to a few portions of the record to illustrate that he exhibited self-injurious behavior. In contrast, in support of his finding on Plaintiff's functioning in this domain, the ALJ cited to an abundance of evidence, including the medical opinion of a child psychologist called as an expert in the administrative hearing, the Childhood Disability Evaluation prepared by a psychologist, and numerous teacher/counselor questionnaires. Not only does Plaintiff pin his arguments on insufficient evidence as compared to the ALJ, but even if these isolated conditions result in limitations, they are reflective of limitations on interacting and relating to others, not "Caring for Yourself" as he alleges. Plaintiff's insufficient and misconstrued citations to the record do not outweigh the ALJ's substantially supported evidentiary finding that Plaintiff had no limitations in the domain of Caring for Yourself. Therefore, the Court declines to reverse the ALJ's decision on this basis.

Plaintiff's second claim alleges the ALJ erred in finding he had less than marked limitations in the domain of Attending and Completing Tasks. Plaintiff cites to isolated comments from the Individualized Education Plan ("IEP") team, an evaluation by his school's psychologist, and a report from a one-time examining psychiatrist, to show that he had marked limitations in this domain. Notably, after identifying Plaintiff's shortcomings, the IEP implemented specific strategies to address his needs and by the next IEP meeting held months after the evaluation Plaintiff cites to, Plaintiff's grades and reading levels both improved. More importantly, the ALJ relied on a more consistent, greater volume of evidence than Plaintiff in finding he had less than marked limitations, including the opinions of two psychologists, a teacher report, and the complete IEP team report. Therefore, the Court adopts the ALJ's finding of Plaintiff's less than marked limitations in the domain of Attending and Completing Tasks, and refuses to reverse on these grounds.

It should be noted that in determining limitations in the domain of Caring for Yourself, Plaintiff relies on the standard for adolescents, which applies to children between the ages of twelve and eighteen. For the entire relevant period, however, Plaintiff had not reached the age of twelve yet; and all of the medical and school records, as well as the administrative hearing record, reference the period just prior to Plaintiff's twelfth birthday. The Court also finds it significant that no corroborating evidence was offered to support the symptoms Plaintiff and his mother described in their testimony. Accordingly, the ALJ found that the statements made by Plaintiff and his mother at the administrative hearing concerning the intensity, persistence and limiting effects of his symptoms were not entirely credible.

**BY THE COURT:**

**/s/ Cynthia M. Rufe**

**CYNTHIA M. RUFE , J.**